**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4917**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL MORALES RAMIREZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:18-cr-00084-REP-1)

Submitted:  July 18, 2019                                   Decided:  July 22, 2019

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Nia A. Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, S. David Schiller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Morales Ramirez appeals the 36-month upward variant sentence that was imposed after he pled guilty, pursuant to a plea agreement, to illegal reentry by a felon, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). Ramirez's sole argument is that the district court procedurally erred by failing to provide an individualized explanation for the upward variance. Finding no error, we affirm.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless we can conclude "that the error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). Thus, where, as here, "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from 18 U.S.C. § 3553 (2012) "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." *Id.* at 578.

We conclude that the district court did not abuse its discretion when it imposed Ramirez's upward variant sentence. A district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. *United States v. Diosdado-Star*, 630 F.3d 359, 364 (4th Cir. 2011) (internal quotation marks and brackets omitted). Thus, "a district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant[;] and (2) that it has also considered the potentially meritorious

2

arguments raised by both parties about sentencing[.]" *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006) (internal citations omitted).

"[I]n determining whether there has been an adequate explanation, we do not evaluate a court's sentencing statements in a vacuum[;]" rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *Id.* at 381. The context of a defendant's sentencing can also make clear that the district court considered defense counsel's arguments for a different sentence but found them insufficient. *See Rita v. United States*, 551 U.S. 338, 359 (2007). We have reviewed the record and considered the parties' arguments and conclude that the district court was engaged during Ramirez's sentencing hearing and said enough to satisfy this court that it considered the parties' arguments and had a reasoned basis for imposing the upward variant sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*